UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

AARON OLSON and MINOR CHILD,                Case No. 14-CV-3664 (JRT/SER)

        Plaintiffs,

v.                                          REPORT AND RECOMMENDATION

C. DAVID DIETZ; RAMSEY COUNTY;
and STATE OF MINNESOTA,

        Defendants.

---

Plaintiff Aaron Olson filed a complaint under 42 U.S.C. § 1983 and various state-law causes of action against defendants.  Olson did not pay the $400 filing fee, but instead sought leave to proceed *in forma pauperis* ("IFP").  *See* ECF No. 2.  In an order dated September 29, 2014, this Court denied Olson's IFP application, noting that the application provided no information whatsoever about Olson's debts, assets, or expenses, and thus precluded this Court from determining whether Olson truly qualified for IFP status.  *See* ECF No. 4.  Olson was given until October 17, 2014 in which to file an amended IFP application, failing which the Court would recommend that this matter be dismissed without prejudice for failure to prosecute.

Olson has not filed an amended IFP application as the Court ordered.  Instead, Olson insists that his original IFP application contained sufficient information, and that the Court's request for additional information amounts to an illegal search in violation of the Fourth Amendment.  *See* ECF No. 5.  Whatever the merits of Olson's arguments — and wholly without merit — this case remains with no filing fee paid and no application to proceed IFP pending. (Olson did not appeal the Court's earlier order denying his IFP application, and he is well past the deadline for doing so under the local rules of this District.  *See* D. Minn. L.R. 72.2(a).)  This case cannot proceed until Olson either pays the filing fee or is granted IFP status — and Olson

1

cannot be granted IFP status unless he completes an amended IFP application.  Olson's failure to

pay the filing fee or reapply for IFP status would, by itself, justify dismissal of this action for

failure to prosecute.  *See* Fed. R. Civ. P. 41(b).

But as explained in an earlier order, even if Olson properly completed an amended IFP

application, his complaint cannot survive screening under 28 U.S.C. § 1915(e)(2)(B).  First,

Olson attempts to bring claims on behalf of his minor child.  Olson is not an attorney, however,

and he therefore cannot litigate the claims of other persons in federal court, including his

children.  *Buckley v. Dowdle*, No. 08-1005, 2009 WL 750122, at *1 (8th Cir. Mar. 24, 2009)

(per curiam) (citing *Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005));

*accord Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Navin v. Park Ridge Sch. Dist.*

*64*, 270 F.3d 1147, 1149 (7th Cir. 2001) (per curiam); *Johns v. Cnty. of San Diego*, 114 F.3d 874,

876-77 (9th Cir. 1997); *Osei–Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991);

*Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam).  There are limited

exceptions to this rule, but no "exception has ever been recognized for a lawsuit based on § 1983

or general state tort law."  *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010).  "This rule is

designed to protect the interests of the minor party; in addition, it 'jealously guards the

judiciary's authority to govern those who practice in its courtrooms.'"  *Id.* (quoting *Myers*, 418

F.3d at 400).

Second, Olson has not provided his address or telephone number on his complaint, as

required by Fed. R. Civ. P. 11(a).  This Court understands not all litigants have physical

addresses or telephone numbers, and is sensitive to concerns that those litigants must still have

access to the federal courts.  For that reason, this Court previously invited Olson to "explain

more fully why he is unable to provide such information."  ECF No. 4 at 2.  Olson declined to do

so, instead inveighing that the information requirement of Rule 11(a) violates his constitutional rights. His arguments for why this minimal requirement violates the Constitution are unconvincing, especially as Olson does not argue that he is unable to meet these requirements (and thus cannot argue that the requirement forecloses his *own* access to the federal courts, as opposed to the access to other hypothetical litigants).

Third, where a litigant requests to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief can be granted." *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Although Olson's complaint is unclear in many respects, it appears that he is in substantial arrears on his child-support obligations, and that the State of Minnesota has therefore suspended his driver's license pursuant to Minn. Stat. § 518A.65. Olson argues that § 518A.65 is unconstitutional, it interferes with his ability to see his children (because he can no longer drive), and operates more harshly on him than other individuals (because he lives in an area with little public transportation).[1]

This Court has rejected nearly identical equal-protection and substantive-due-process challenges in the context of restrictions on passports due to the failure to pay child support. *See Risenhoover v. Washington Cnty. Comm. Servs.*, 545 F. Supp. 2d 885, 890-91 (D. Minn. 2008). With respect to the freedom to travel abroad, the government need "'only advance a rational, or at most an important, reason' for restricting international travel." *Id.* at 890 (quoting *Freedom to Travel Campaign v. Newcomb*, 82 F.3d 1431, 1439 (9th Cir. 1996)). The liberty interest at issue in this case, if anything, appears to be *less* compelling than that in *Risenhoover*; whereas revocation of a passport prevents an individual from *all* international travel, Olson is prohibited only from one method of travel. Nevertheless, assuming that the State of Minnesota needs an

---

[1] Olson does not argue that he was not afforded the procedural protections provided by § 518A.65.

important reason to interfere with Olson's right to drive (itself a doubtful proposition),
Minnesota unquestionably "has an important interest in parents paying child support 'because
unsupported children must often look to the public fisc . . . for financial sustenance.'"
*Risenhoover*, 545 F. Supp. 2d at 890 (quoting *Eunique v. Powell*, 302 F.3d 971, 975 (9th Cir.
2002).  Finally, there is no allegation that individuals similarly situated to Olson are treated
differently under § 518A.65 by the State of Minnesota; in other words, Olson does not allege that
individuals similarly delinquent on their child-support payments do *not* have their driver's
licenses revoked.  Olson's constitutional claims relating to the revocation of his driver's license
are therefore not viable.

 Olson also alleges in his complaint that defendant C. David Dietz, an attorney at the
Ramsey County Attorney's Office, violated his constitutional rights by divulging information in
other federal litigation relating to Olson's receipt of disability payments.  *See Olson v. Kambiri*,
No. 13-CV-1777 (DWF/LIB) (D. Minn. filed July 8, 2013).  The Court cannot conceive why this
claim is part of this litigation.  There is no "question of law or fact common" to the claim against
Dietz that is common to the claim relating to § 518A.65.  *See* Fed. R. Civ. P. 20(a)(2)(B).  The
incidents are unrelated.  As such, Dietz is misjoined as a defendant in this action.

 In addition, Olson's claim against Dietz is implausible.  To the extent that Olson argues
that Dietz's accessing of this information constituted an illegal search, he has not shown that he
has any reasonable expectation of privacy in the information relating to his disability payments
(indeed, the financial information appears to have been accessed through a database of financial
information used by local governments).  Olson's claims of unlawful "retaliation" are both
untethered to any identified constitutional principle and fanciful; the minimal disclosure made by
Dietz made to the Court was germane to the matter at issue in the case, and there is no plausible

inference that Dietz intended to "punish" Olson by revealing that he received disability payments.  In fact, Olson has himself divulged in IFP applications filed in this district that he receives disability payments.[2]

Fourth, IFP status must be denied, and a complaint must be dismissed, where the action is determined to be malicious.  *See* 28 U.S.C. § 1915(e)(2)(B)(i).  This Court fears that this lawsuit may be motivated more by malice than by any good-faith belief by Olson that his constitutional rights have been violated.  This would explain the otherwise inexplicable inclusion of Dietz as a defendant in a lawsuit related mostly to the constitutionality of a Minnesota statute.

By this Court's count, Olson has now brought ten lawsuits against governmental entities or employees over the previous five years, not including a recent lawsuit against the United States Postal Service.  To date, not one of those lawsuits has proved meritorious.  Olson's multitudinous litigation is now *spawning its own litigation*, as he has turned to suing one of the attorneys representing Ramsey County in a previous action.  Olson should consider himself on notice that further malicious or frivolous litigation, and further failure to abide by the Court's orders, may result in a recommendation that his filing status be restricted.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE for failure to prosecute, or, in the alternative, that this action be SUMMARILY DISMISSED under 28 U.S.C. § 1915(e)(2)(B).

---

[2] Olson also brings claims under state law.  Whatever the merits of these claims, this Court lacks jurisdiction over them unless it exercises supplemental jurisdiction under 28 U.S.C. § 1367.  The Eighth Circuit has made clear, however, that when all federal claims in a complaint have been dismissed before trial, the court should decline to exercise supplemental jurisdiction over the remaining state-law claims.  *See Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008).  Accordingly, all remaining state-law claims should be dismissed as well.

Dated:  December 8, 2014                                 *s/Steven E Rau*
                                                          Steven E. Rau
                                                          U.S. Magistrate Judge


## **NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 22, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within fourteen days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A district judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.