# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| AARON OLSON *and minor child*, | Civil No. 14-3664 (JRT/SER) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| C. DAVID DIETZ, RAMSEY COUNTY, and STATE OF MINNESOTA, | |
| Defendants. | |

Aaron Olson, *pro se*.

Plaintiff Aaron Olson's ("Olson") driver's license was suspended pursuant to Minnesota Statute § 518A.65, a law which allows the state to suspend a person's driver's license for arrearages of at least three months' worth of court-ordered child support payments. Minn. Stat. § 518A.65(a). On September 22, 2014, Olson brought this action under 42 U.S.C. § 1983 against the State of Minnesota, alleging that the state had violated his First, Fourth, and Fifth Amendment rights by suspending his license.[1]

---

[1] Olson additionally alleges that defendant C. David Dietz, an Assistant Ramsey County Attorney, violated his constitutional rights by divulging information in other federal litigation relating to Olson's receipt of disability payments. (Compl. ¶ 3-6, Sept. 22, 2014, Docket No. 1.) Olson also appears to allege that Ramsey County was illegally complicit in the disclosure of his information. (*Id.* ¶ 6.) Olson has since moved the court to withdraw claims against Dietz. (Objections to R&R & Mot. at 1, Jan. 21, 2015, Docket No. 13) Because the Court will adopt the Magistrate Judge's recommendation to dismiss this action in its entirety, the Court will deny Olson's motion to withdraw claims against Dietz as moot.

(Footnote continued on next page.)

(Compl., Sept. 22, 2014, Docket No. 1.) Olson argues the state has infringed on his "parenting rights" by eliminating his primary means of transportation. (Objections to R&R & Mot. at 4, Jan. 21, 2015, Docket No. 13.)[2]

Olson then applied to proceed *in forma pauperis* ("IFP"). In his application, he explained that he received $710 per month in Supplemental Security Income disability payments, but he did not provide necessary information regarding his assets, debts, or expenses. (IFP Appl., Sept. 22, 2014, Docket No. 2.); *see also* 28 U.S.C. § 1915(a). (stating the disclosure requirements for an IFP application). Determining that the application was incomplete, the United States Magistrate Judge ordered Olson to file an amended IFP application no later than October 17, 2014. (Order, Sept. 29, 2014, Docket No. 4.) The order indicated that, absent a revised IFP application, the Magistrate Judge would recommend dismissing the action under Federal Rule of Civil Procedure 41(b) for failure to prosecute. (*Id.* at 3.) Olson neither appealed the Magistrate Judge's order nor filed an amended IFP application. Instead, he reiterated to the Magistrate Judge his belief

_____
(Footnote continued.)

Olson also indicates that he will focus on his claims against the State of Minnesota, but does not state in his motion to withdraw whether he has any remaining claims against Ramsey County. (*Id.* at 1 ("Plaintiff will litigate against C. David Dietz at a later time, to focus on his immediate and ongoing loss of liberty through the State of Minnesota.").) Although Olson's claims in his complaint against Ramsey County appear to be based on his claims against Dietz, (Compl. ¶¶ 3-6), the Court will nevertheless give Olson the benefit of the doubt and consider his claims against the State of Minnesota regarding his revoked driver's license to also be claims against Ramsey County.

[2] The objections and motion filed as Docket Numbers 12 and 13 are identical. For the sake of simplicity, the Court will refer only to the version filed as Docket No. 13.

that his original IFP application was sufficient to establish his eligibility as an IFP litigant. (Letter to Magistrate Judge, Oct. 23, 2014, Docket No. 8.)

On December 8, 2014, the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that this action be dismissed without prejudice for failure to prosecute per Rule 41(b), or, in the alternative, that this action be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. (Report & Recommendation ("R&R"), Dec. 8, 2014, Docket No. 9.) Before the Court now are Olson's objections to the R&R and, in the alternative, his motion for the appointment of counsel. Because the Court concludes that Olson has failed to satisfy the procedural requirements necessary to pursue this action, either by establishing his qualification as an IFP litigant or by paying the applicable filing fee, and because Olson fails to state any claim on which relief may be granted, the Court will overrule Olson's objections, adopt the R&R, and dismiss the case without prejudice. Finally, the Court will deny Olson's motion for the appointment of counsel.

**DISCUSSION**

**I.   STANDARD OF REVIEW**

Upon the filing of a report and recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The objections should specify the

portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error. *See, e.g.*, *Martinez v. Astrue*, No. 10-5863, 2011 WL 4974445, at *3 (E.D. Pa. Oct. 19, 2011) (citing cases from numerous other jurisdictions); Fed. R. Civ. P. 72 advisory committee's note, subd. (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## II. FAILURE TO PROSECUTE

To file a civil action in the United States District Court for the District of Minnesota, a plaintiff must either pay a $400 filing fee or obtain leave from the court to proceed IFP. *See* D. Minn. LR 4.2. Additionally, the Court may dismiss an action if the plaintiff has failed to prosecute the case or otherwise has not complied with the relevant rules or a court order. Fed. R. Civ. P. 41(b). Here, Olson did not pay the applicable filing fee and filed an incomplete and insufficient IFP application. Despite an express order from the Magistrate Judge directing Olson to file a proper application or face dismissal under Rule 41(b), Olson has not filed a revised IFP application. His claim that providing sufficient financial information will subject him to improper screening and harassment by court staff is not supported by the record and is without merit. Because Olson has not complied with the rule of this Court, nor has he complied with the

Magistrate Judge's order, the Court will adopt the Magistrate Judge's recommendation to dismiss this action without prejudice for failure to prosecute. *Thayse v. Fermoyle*, No. 08-892, 2008 WL 4117321, at *1 (D. Minn. Aug. 29, 2008) ("[T]his Court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute a claim or to comply with the Federal Rules of Civil Procedure or an order of the court.").

## III.   DISMISSAL UNDER SECTION 1915

In the alternative, the Magistrate Judge recommended dismissing Olson's action under 28 U.S.C. § 1915(e)(2)(B).  If the Court determines that an action "fails to state a claim on which relief may be granted," Section 1915(e)(2)(B)(ii) directs the court to dismiss the case. *See Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001) (explaining that 28 U.S.C. § 1915(e)(2)(B)(ii) "allows a court to dismiss, prior to service of process and without leave to amend, an IFP action or appeal if it fails to state a claim on which relief may be granted"). To properly state a claim, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, a plaintiff must state "a claim to relief that is plausible on its face." *Id.* at 570. *Pro se* pleadings should be liberally construed, and are held to a less stringent standard when considering a dismissal for failure to state a claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Horsey v. Asher*, 741 F.2d 209, 211 n. 3 (8th Cir. 1984). Even liberally construed, a *pro se* complaint must still contain specific facts to support its conclusions. *Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir. 1981).

The R&R noted several grounds for dismissing Olson's action under Section 1915, including that (1) Olson is bringing this case impermissibly as a non-lawyer on behalf of a minor child, *see Buckley v. Dowdle*, No. 08-1005, 2009 WL 750122, at *1 (8th Cir. Mar. 24, 2009) (per curiam) (finding that a parent, acting *pro se*, "cannot bring a claim on behalf of his minor daughter"); (2) Olson has not provided his telephone number or address under Federal Rule of Civil Procedure 11(a), and has provided no reasonable explanation for this omission; (3) Olson's claim that Minnesota Statute § 518A.65 violates his constitutional rights has no merit, *cf. Risenhoover v. Washington Cty. Cmty. Servs.*, 545 F. Supp. 2d 885, 890-91 (D. Minn. 2008) (upholding restrictions on a passport due to the failure to pay child support); and (4) that Olson's litigation may be malicious or frivolous.

Olson objects to the R&R on several fronts. First, he argues that counsel should be appointed to represent him and his child, which would alleviate the problem of Olson litigating on behalf of his child. But this request conflates the issue of whether Olson should proceed *pro se* or receive counsel, and whether he can represent his minor child. In any event, Olson has not shown that the issues in this civil case are complicated enough that counsel should be appointed. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986) (weighing whether to appoint counsel for a civil plaintiff by considering the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the indigent litigant to present his claim); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (noting that no

constitutional or statutory right exists to counsel in a civil case).  As a result, the Court will deny Olson's motion to appoint counsel.

Next, he contends that he should not be forced to reveal his address and phone number, lest he face harassment and an invasion of his constitutional rights by court staff. As noted above, Olson offers no support for this argument and the Court finds that it is not meritorious.  Olson also objects to the R&R's determination that he has failed to state a plausible claim on which relief can be granted.  He attempts to distinguish his case from *Risenhoover*, cited in the R&R, by noting that he is asserting a violation of his parenting, and not travel, rights.  Labeling his claims differently, however, does not dispel the similarities between this case and *Risenhoover*: both cases involve a court rejecting a challenge to a law that restricts or suspends a person's identifying documents (i.e., either a driver's license or passport) due to late child support payments.  *Risenhoover*, 545 F. Supp. 2d at 890-91.  Olson also argues no plausible support for his new argument that Minnesota Statue § 518A.65 also violates the Americans with Disabilities Act.  Even under the liberal standard applied to *pro se* plaintiffs, Olson has failed to state a plausible claim.

Finally, Olson objects to the R&R's conclusion that this action, when viewed in context with Olson's many lawsuits, is malicious or frivolous.  Olson's explanation is only that government abuses, combined with other reasons he does not have the space to discuss, have forced him to bring multiple suits.  This explanation fails to show any error in the R&R's finding that Olson's action in this case may indeed be malicious or

- 8 -

frivolous.  In sum, the Court will also adopt the R&R as to its conclusion that Olson's action should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Olson's objections [Docket No. 12] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 9].  **IT IS HEREBY ORDERED** that:

1. Olson's claims against the State of Minnesota, Ramsey County, and C. David Dietz, are **DISMISSED without prejudice**.

2. Olson's motion to withdraw C. David Dietz as a party [Docket No. 13] is **DENIED as moot**.

3. Olson's motion to appoint counsel is [Docket No. 13] **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  September 29, 2015  
at Minneapolis, Minnesota.

\_\_\_\_s/ John R. Tunheim\_\_\_\_\_  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court