**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

AARON OLSON *and minor child*,

Plaintiffs,

v.

C. DAVID DIETZ, RAMSEY COUNTY, and STATE OF MINNESOTA,

Defendants.

Civil No. 14-3664 (JRT/SER)

**ORDER ON PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL**

---

Aaron Olson, *pro se*.

In September 2014, Plaintiff Aaron Olson initiated this action by filing a complaint alleging that defendants violated various provisions of the United States Constitution when they suspended Olson's driver's license because of late child support payments.[1] Olson did not pay the required $400 filing fee when he filed his complaint, but instead filed an application for leave to proceed *in forma pauperis* ("IFP"). The United States Magistrate Judge found that Olson's IFP application was "woefully incomplete," and ordered Olson to amend his application. (Order, Sept. 29, 2014, Docket

---

[1] For a more detailed summary of the prior proceedings, see the Court's September 29, 2015 order. (Mem. Op. and Order, Sept. 29, 2015, Docket No. 14.) After Olson filed his complaint in the present action, Judge Donovan Frank issued an order in a separate action restricting Olson from filing new cases in this District Court unless Olson is represented by counsel or receives prior written authorization from a judicial officer. *Olson v. Ramsey Cty.*, No. 15-3131, 2015 WL 5778478, at *3 (D. Minn. Oct. 1, 2015).

No. 4.) Olson declined to amend his application, and the Magistrate Judge recommended in a Report and Recommendation ("R&R") that the Court dismiss Olson's complaint, either because of Olson's failure to complete his application, or because Olson failed to state a claim according to 28 U.S.C. § 1915(e)(2)(B). Olson objected to the Magistrate's R&R. The Court overruled Olson's objections, adopted the R&R, and dismissed Olson's claims without prejudice. Olson then filed notice that he intended to appeal the Court's dismissal, and now before the Court is Olson's request to proceed IFP in that appeal.

## DISCUSSION

A party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court and attach an affidavit that (1) "shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs"; (2) "claims an entitlement to redress"; and (3) "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1); *see also* 28 U.S.C. § 1915(a)(1) (requiring the same). Even if a party is indigent, a court may not grant IFP status if the party's appeal is "not taken in good faith." 28 U.S.C. § 1915(a)(3).

Here, Olson runs afoul of Rule 24's first and third requirements. First, he has not completed his form and has not given the "detail prescribed by Form 4," making it impossible for the Court to determine his ability to pay. For example, instruction 2 on the District of Minnesota's version of Form 4, which is what Olson filled out, indicates that a party requesting IFP status should "[l]ist your employment history, most recent employer first." Mot. and Aff. for Permission to Appeal in Forma Pauperis Form at 2,

http://www.mnd.uscourts.gov/Pro-Se/ProSeForms/ProSe-Appeal_IFP.pdf (last visited Jan. 19, 2016). Olson, however, crossed off the entire field and listed nothing. (Olson's Mot. and Aff. for Permission to Appeal In Forma Pauperis ("IFP App.") at 2, Oct. 8, 2015, Docket No. 17.) When Form 4 asked Olson to estimate and designate the "amounts" of his average monthly expenses, Olson merely wrote "Half of Income" next to the rent and mortgage payment line, then "Other half" next to the food line, with an arrow from the food line down across all of the spaces where he was asked to indicate the amounts he spent on utilities, clothing, laundry, medical expenses, transportation, recreation, insurance, taxes, installment payments, and alimony and child support. (*Id.* at 3-4.) On the line where he was asked to total his estimated expenses, he wrote, "All of income." (*Id.* at 4.) Olson indicated that he was "not sure" if he would spend or had spent money on an attorney or a paralegal or a typist, and listed his address as "General Delivery, Post Office, Minneapolis, MN." (*Id.* at 5.) Olson made no marks on the section where he was asked to provide his age and years of schooling. (*Id.* at 5.) And he marked neither yes nor no when asked if his housing payments included real-estate taxes and property insurance. (*Id.* at 3.) Whatever amount of detail is necessary to achieve IFP status, Olson has not met that standard.

Additionally, Olson's affidavit fails to state the issues that he intends to present on appeal. The first page of the form contains a field that states "My issues on appeal are:" and Olson left the field entirely blank. (*Id.* at 1.)

The Court takes seriously its duty to liberally construe Olson's *pro se* complaint and affidavit. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (stating that a pro se

complaint must be held to less stringent standards). The Court also notes that its earlier dismissal of Olson's complaint was without prejudice, meaning that he may bring his claims again if he pays the required filing fee or submits an affidavit that sufficiently shows indigent status. But because Olson's affidavit fails to meet the requirements of Rule 24 and § 1915, the Court cannot grant Olson's request to proceed *in forma pauperis* in his appeal.

**ORDER**

Based on the foregoing, and the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that Olson's Motion for Permission to Appeal In Forma Pauperis [Docket No. 17] is **DENIED**.

DATED: February 1, 2016
Minneapolis, Minnesota.

s/ John R. Tunheim
JOHN R. TUNHEIM
Chief Judge
United States District Court